(No. 27704.—

Dwight P. Friedrich *et al.,* Appellants, *vs.* Warren Wright, State Treasurer, *et al.,* Appellees.

*Opinion filed March 21, 1944.*

Hugh V. Murray, Jr., of Centralia, for appellants.

George F. Barrett, Attorney General, (Harry L. Arnold, and William C. Wines, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

In September, 1941, appellants, Dwight P. Friedrich and others, filed in the circuit court of Sangamon county their complaint for injunction and relief against the treasurer of the State of Illinois and others to test the validity of "An Act in relation to a tax upon persons engaged in the business of producing oil in this State, and providing for the collection and payment of the tax, by persons handling or receiving the oil so produced." (Approved May 29, 1941.) Ill. Rev. Stat. 1941, chap. 120, par. 416.1 *et seq.*

An amended complaint alleged plaintiffs were heirs-at-law of William Friedrich who in his lifetime was the owner of certain real estate; that the said William Friedrich executed and delivered a certain oil and gas lease in the usual form to Harry F. Corbin, retaining a one-eighth royalty interest, which said Corbin assigned to the Texas Company; and that the Texas Company has been engaged in the production of oil and gas from said real estate under the terms of said lease; that the plaintiffs also own other real estate located in Illinois on which they have given similar oil and gas leases, and which have passed by mesne assignments to the Texas Company; that at the present time plaintiffs own a so-called royalty interest in the oil and gas produced from said lands.

Plaintiffs then alleged that under the provisions of the statute the Texas Company, when it produces oil from the ground, becomes the receiver and is obligated to deduct from the interest of appellants the tax required to be paid by the royalty owners, and the said Texas Company has paid said tax imposed upon appellants, as well as that imposed upon it, under protest; and that the Globe Pipe Line Company has likewise withheld certain parts of said royalty for the same reason, and that the sum of $208.46 has thus been exacted from appellants, and is held by the Director of Finance, and is about to be turned over to the treasurer of the State of Illinois, and plaintiffs pray that an injunc-

tion be issued to restrain the defendants from transferring said funds out of the protest fund until the further order of the court; and that upon a hearing of the case the said defendants may be required to repay and make restitution to the plaintiffs of said sum of money.

The reason assigned for the relief prayed is that said statute is unconstitutional and void. The circuit court sustained a motion to dismiss on behalf of the defendants, and the plaintiffs elected to stand by their complaint and a decree was entered dismissing the suit. An appeal was taken directly to this court because the constitutionality of the statute is challenged.

In the recent case of *Ohio Oil Company et al.* v. *Wright, ante,* p. 206, the question of the constitutionality of the same statute involved was passed upon by this court, and the act held unconstitutional not only with respect to the royalty owners, but also as to the producers of oil as defined in the act. Inasmuch as the whole subject is exhaustively discussed in that case it is unnecessary to restate what was said therein. The only difference between the cases consists in the fact that in the cases decided only oil companies actually producing oil were parties plaintiff, whereas in the present case royalty holders only are parties plaintiff.

In the cases just referred to it was necessary to review the effect of the entire act, and it was there specifically held that the oil-production tax as to royalty holders was unconstitutional and void for the following reasons: (1) Because the owner of royalty who has no control over the production of oil, and who receives only a part of the oil as royalty, is not in an occupation, and therefore not subject to the occupation tax; and (2) Because the tax imposed was in fact a property tax as to the royalty owner, and not an occupational tax, and not levied in conformity with section 1 of article IX of the constitution, which requires that the General Assembly shall raise revenue by

levying a tax by valuation, so that every person and corporation shall pay taxes in proportion to the value of his, her, or its property, the value to be ascertained by some person elected or appointed by the General Assembly.

Inasmuch as some of the interests of the plaintiffs in the cases we have just decided were those of royalty owners, and the briefs filed on behalf of appellees are identical with the briefs filed in the present case, it is unnecessary to do more than refer to the decision rendered in those cases. All that we have said with respect to the tax as applied to the royalty owners in those cases is reaffirmed here, which requires that the decree of the circuit court be reversed and the cause remanded to the circuit court of Sangamon county, with directions to enter a decree in favor of plaintiffs.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE SMITH took no part in the consideration or decision of this case.